[No. B167909. Second Dist., Div. Two. Nov. 9, 2004.]

Estate of ARTHUR M. COPLAN, Deceased.
FRANCINE COPLAN, Petitioner and Respondent, v.
DEBRA D. COPLAN, Objector and Appellant.

**COUNSEL**

Debra D. Coplan, in pro. per., for Objector and Appellant.

Richard A. Lewis for Petitioner and Respondent.

## OPINION

**NOTT, J.**—Debra D. Coplan, in pro. per., appeals from orders settling the final account and report of Francine Coplan, personal representative of the Estate of Arthur M. Coplan, and denying Debra's motion for enforcement of the no-contest clause of the will of Arthur M. Coplan against Francine in her individual capacity and against the Estate of Ronald S. Coplan.[1] Debra contends that Francine's conduct violated the no-contest clause of the will.

 We hold that under the facts presented, the act of Francine as personal representative in seeking compensation for administrative services does not violate the no-contest clause. Such act thus does not disinherit her in her capacity as a beneficiary.

## PROCEDURAL AND FACTUAL BACKGROUND

The facts are not contested and include the following. Arthur M. Coplan executed his last will and testament (Will) in March 1983. The Will provides that no personal representative shall receive compensation for service as executor. The Will also contains a no-contest clause providing that any heir or beneficiary under the Will who contests the Will or any provision of the Will, or who "shall not if called upon defend or assist in good faith in the defense" of a contest, shall not be entitled to any benefit under the Will. Francine, Ronald, and Debra are the children of Arthur M. Coplan, and the only beneficiaries of the Will.

Arthur died in October 1992. Francine filed a petition for probate of Will and for letters testamentary and authorization to administer his estate later that month. Two nominated individuals with priority declined to serve as executor of the estate. Francine also filed a petition for letters of special administration to enable her to participate in litigation in which the estate was involved, including two cross-complaints for breach of contract, a cross-complaint for conspiracy which was then on appeal, a cross-complaint for fraud and defamation, and a partition action. Francine was appointed special administrator of the estate.

Debra filed an opposition to the appointment of Francine as personal representative of the estate, asserting that Francine was unfit. The objections were overruled, and the Will was admitted to probate. Francine was required to post a bond in the amount of $2.3 million. Debra appealed from the

---

[1] The parties are sisters. We refer to them by their first names for the sake of simplicity. Francine is also the personal representative of the Estate of Ronald S. Coplan (Ronald's Estate). Ronald was the parties' brother.

order appointing Francine as personal representative, and this division affirmed the order. Beginning in 1995, the probate court ordered preliminary distributions of assets totaling approximately $315,000 per beneficiary.

Francine filed her final account and report and petition for final distribution in the Estate of Arthur M. Coplan, and a petition for relief from the no-compensation clause in August 2002. She sought approximately $45,000 in compensation, based upon a compensation base of approximately $3.2 million.

Debra filed objections the same month. She requested enforcement of the no-contest clause against Francine for failing to defend or assist in the defense of the no-compensation clause. Debra subsequently requested that the no-compensation clause also be enforced against Ronald's Estate, of which Francine was the personal representative. Francine filed a notice of withdrawal of her petition to be relieved from the no-compensation provision of the Will in December 2002.

The parties engaged in two mediation hearings. After the first, the parties entered into a stipulation in which Debra withdrew her objections to the final account and report and petition for final distribution, and the parties agreed to adjustments to the payments to be made from the estate as well as adjustments to the distribution of the residue of the estate. The parties stipulated that the hearing scheduled would address the sole remaining issue, the applicability of the no-contest clause to Francine in her capacity as an heir and to Ronald's Estate. After the second hearing, the parties entered into a stipulation in which Debra withdrew her objections to the amended final account, and the parties mutually agreed that the final account should be approved as amended. An order approving the stipulation regarding approval of the final accounting and payment of statutory compensation was entered.

The parties stipulated to agreed facts regarding trial of the issue of the applicability of the no-contest clause. Following an evidentiary hearing, the probate court took the matter under submission. It subsequently ruled that there was no violation of the no-contest clause and denied Debra's motion to apply the clause to Francine and Ronald's Estate.

On April 9, 2003, the order settling final account and report of personal representative and petition for final distribution was filed. At that time, the estate had a balance of approximately $800,000. On June 6, 2003, Debra filed her notice of appeal.

This division found that Debra had previously been declared a vexatious litigant. She was required to post a bond in the trial court. Having received

proof that the bond had been filed, we allowed Debra to proceed with the present appeal without prejudice to the possible imposition of sanctions for filing a frivolous appeal.

## DISCUSSION

■ The parties agree that the trial court was presented with a legal question, the applicability, if any, of the no-contest clause, and that there are no disputed facts. We agree that the standard of review therefore is de novo. (See *Scharlin v. Superior Court* (1992) 9 Cal.App.4th 162, 168 [11 Cal.Rptr.2d 448].)

Debra contends that Francine's filing a petition to be relieved of the no-compensation clause violates the no-contest clause and that there are no exceptions or exemptions that bar enforcement of the no-contest clause. We disagree.

"No contest clauses are valid in California and are favored by the public policies of discouraging litigation and giving effect to the purposes expressed by the testator. [Citations.] Because a no contest clause results in a forfeiture, however, a court is required to strictly construe it and may not extend it beyond what was plainly the testator's intent. [Citations.]" (*Burch v. George* (1994) 7 Cal.4th 246, 254 [27 Cal.Rptr.2d 165, 866 P.2d 92].) " 'Whether there has been a "contest" within the meaning of a particular no-contest clause depends upon the circumstances of the particular case and the language used.' [Citations.] '[T]he answer cannot be sought in a vacuum, but must be gleaned from a consideration of the purposes that the [testator] sought to attain by the provisions of [his] will.' [Citation.] Therefore, even though a no contest clause is strictly construed to avoid forfeiture, it is the testator's intentions that control, and a court 'must not rewrite the [testator's] will in such a way as to immunize legal proceedings plainly intended to frustrate [the testator's] unequivocally expressed intent from the reach of the no-contest clause.' [Citation.]" (*Id.* at pp. 254–255.) We therefore examine the particular circumstances and the language of the clause to determine whether Francine's request for relief from the no-compensation clause was an action that would thwart her father's unequivocally expressed intent. (See also *Estate of Strader* (2003) 107 Cal.App.4th 996, 1003 [132 Cal.Rptr.2d 649].)

The Will's no-contest clause states: "Any and every heir, legatee, devisee or beneficiary under this Will who shall contest in any court this Will, or any provisions of this Will, or who shall not if called upon defend or assist in good faith in the defense of any and all such contest, shall not be entitled to any devise, legacy or benefit under this Will or any Codicil thereto, and any

and all devises, legacies and portions of the income or corpus of my estate otherwise provided to be paid to such person, shall lapse and shall be paid, distributed and pass as though such person had died prior to my death leaving no lawful living descendants. Positions taken in proceedings relating to instructions or accountings shall not be deemed to be a contest. My Executor is specifically authorized to defend at the expense of my estate any contest or attack of any nature." The Will thus does not state the specific acts that constitute a contest. It excepts, however, positions taken in proceedings relating to instructions or accountings.

The parties have cited no authority in which the same circumstances arise. Francine, in her role as personal representative of the estate, sought to avoid the Will's no-compensation clause, urging that she had served for eight years and had defended against two will contests and an appeal, sold property, and engaged in other extensive services required to marshal and distribute the assets of the estate. Her petition does not assert that the no-compensation clause is invalid. It instead requests that the court relieve Francine from the effect of the provision in light of her extensive duties. When the request was made, there had already been six preliminary distributions from the estate, as well as a distribution of a cemetery plot to Ronald's Estate.[2] The request was made in connection with the final account and report and petition for final distribution of the estate. Francine filed her petition to be relieved from the no-compensation provision in her capacity as the personal representative of the estate, not as a beneficiary of the estate.

■ The ruling sought by Francine, moreover, would not have thwarted the decedent's distributive scheme. Although the amount of the residue available for distribution would have been reduced had the petition been granted, that fact does not necessarily make the action a contest. As noted in *Estate of Strader*, many claims that would result in a variation in amounts distributed under a residuary clause of a will have been held not to be contests, including a beneficiary's attempt to characterize property (as joint tenancy, for example), a petition to interpret a will, and an assertion of rights independent of a will. (See *Estate of Strader, supra*, 107 Cal.App.4th at p. 1004 [variation of the amount distributed is not the test].) Nor did Francine's action constitute litigation against the estate, a type of action typically discouraged by no-contest clauses. (See *Burch v. George, supra*, 7 Cal.4th at p. 266 [no-contest clause discourages "costly and divisive litigation"].)

---

[2] The court in *Estate of Strader, supra*, 107 Cal.App.4th at page 1003, footnote 6, states: "[N]o statutory authority exists under which the court might require a return to the estate of property distributed under a court order that is final and has not been appealed. [Citation.] Accordingly, a court order for a preliminary distribution, once final and in the absence of fraud, is conclusive."

■ While the decedent intended that the personal representative not be compensated for services, it is less apparent that he intended to disinherit a personal representative who requested compensation. His first two choices for executor were not beneficiaries. Probate Code section 10802, subdivision (b), specifically allows a personal representative to petition the court to be relieved of a compensation provision. In addition, Francine's request can be seen as a position taken "in proceedings relating to instructions or account-ings" under the terms of the no-contest clause. The no-contest clause does not require that the excepted action be a request for instructions or an objection to an accounting, but rather states that a position taken in a proceeding relating to either is excepted. Arguably, moreover, the decedent did not anticipate the extent of the services necessary to probate the Will.

*Genger v. Delsol* (1997) 56 Cal.App.4th 1410 [66 Cal.Rptr.2d 527], relied upon by Debra, is distinguishable. There, the trial court ruled that a widow's action to set aside an agreement which exchanged stock held by the decedent for title to a house that was to go to the widow as forgiveness of an indebtedness would violate a no-contest clause. (*Id.* at p. 1418.) The widow argued that she was bringing the action as the personal representative of the estate, and was thus immune from the no-contest clause. The appellate court rejected the argument because the widow was not named representative of the estate and because she should not be allowed to frustrate the decedent's intent by donning a " 'personal representative' hat" without running afoul of the no-contest clause. (*Id.* at pp. 1423–1424.) Here, by contrast, Francine was named personal representative and was not seeking to frustrate the decedent's testamentary intent, but rather to be paid for her services as executor.

Debra also asserts that Francine and Ronald's Estate failed to defend or assist in the defense of the Will against the attack on the no-compensation provision. As discussed above, we conclude that there was no contest. We also note that Debra objected to Francine's request to be relieved from the no-compensation clause in August 2002; Francine withdrew the request in December 2002. She did not recover compensation for her services as personal representative. Assuming Francine and Ronald's Estate, of which Francine was the personal representative, were in fact called upon to defend the Will from a contest, Francine defended the Will by withdrawing her request. Debra's position thus fails.

## DISPOSITION

The orders appealed from are affirmed. Appellant shall bear respondent's costs of appeal.

Boren, P. J., and Ashmann-Gerst, J., concurred.

A petition for a rehearing was denied November 30, 2004, and appellant's petition for review by the Supreme Court was denied January 26, 2005. George, C. J., did not participate therein.