[No. B184659. Second Dist., Div. Three. Dec. 19, 2006.]

WILLIAM R. HEARST II et al., Plaintiffs and Appellants, v.
VICTOR F. GANZI, as Cotrustee, etc., et al., Defendants and Respondents.

**COUNSEL**

Bartlit Beck Herman Palenchar & Scott, Fred H. Bartlit, Jr., Jeffrey A. Hall, James B. Heaton III; Sacks, Glazier, Franklin & Lodise, Robert N. Sacks and Matthew W. McMurtrey for Plaintiffs and Appellants William R. Hearst II and Deborah Hearst.

Thomas M. Di Franco for Plaintiff and Appellant Phoebe Hearst Cooke.

Carmody & Torrance, David L. Sfara, Matthew R. Peterson; Greines, Martin, Stein & Richland, Irving H. Greines and Feris M. Greenberger for Patricia Hearst Shaw as Amicus Curiae on behalf of Plaintiffs and Appellants.

Loeb & Loeb, Andrew S. Garb, David C. Nelson; Skadden, Arps, Slate, Meagher & Flom, Jeffrey H. Dasteel and Carl Alan Roth for Defendants and Respondents.

**OPINION**

**KLEIN, P. J.**—Plaintiffs and appellants William R. Hearst II (William), Deborah Hearst (Deborah) and Phoebe Hearst Cooke (Phoebe) (collectively, plaintiffs) appeal an order denying their petition to declare that an action they propose to bring against defendants and respondents Victor F. Ganzi, as cotrustee of the Hearst Family Trust, et al. (collectively, the Trustees), would not amount to a will contest.[1,2,3]

---

[1] As discussed in greater detail, *post*, in part 1 of the Discussion, Probate Code section 21320, a declaratory relief provision, enables a trust beneficiary to obtain a safe harbor determination as to whether a particular motion, petition, or other action would be a contest within the terms of the no contest clause in an instrument. (*Estate of Davies* (2005) 127 Cal.App.4th 1164, 1173 [26 Cal.Rptr.3d 239].)

All further statutory references are to the Probate Code, unless otherwise indicated.

[2] We refer to the various appellants by their first names for purposes of clarity. (See *In re Marriage of Olsen* (1994) 24 Cal.App.4th 1702, 1704, fn. 1 [30 Cal.Rptr.2d 306]; *Askew v. Askew* (1994) 22 Cal.App.4th 942, 947, fn. 6 [28 Cal.Rptr.2d 284].)

[3] Patricia Hearst Shaw (Hearst Shaw), who is both an income beneficiary and a potential remainder beneficiary of the trust, but who did not join in the petition, has filed an amicus curiae brief herein which also seeks reversal of the trial court's decision.

This appeal involves the latest challenge by certain beneficiaries of the Hearst Family Trust (the Trust) to the actions of the Trustees thereof.[4] The plaintiffs, who are income beneficiaries of the Trust, contend the Trustees have breached their fiduciary duty of impartiality by favoring the remainder beneficiaries over the income beneficiaries. Plaintiffs propose to bring a petition against the Trustees for breach of fiduciary duty in order to compel the Trustees to increase the income distribution to them.

The first step in that process is the filing by plaintiffs of a petition under section 21320 to obtain a preliminary determination from the trial court as to whether their proposed petition against the Trustees, alleging a breach of fiduciary duty, would constitute a contest within the meaning of the no contest clause in the will of William Randolph Hearst (WRH). The trial court ruled the proposed petition against the Trustees would constitute a contest. Our review is de novo.

The essential issue presented is whether the proposed petition, alleging the Trustees breached their fiduciary duty by favoring the remainder beneficiaries over the income beneficiaries, would amount to a contest within the meaning of the no contest clause in WRH's will.

█ The fiduciary duty of a trustee includes the duty to deal impartially with the beneficiaries (§ 16003), *unless* the trust instrument provides otherwise (§ 16000). Here, the trust instrument specifically authorizes the Trustees to make long-term investment decisions which may inure to the benefit of remainder beneficiaries at the expense of current income beneficiaries. As a result, plaintiffs' proposed petition, which challenges and seeks to alter the Hearst Corporation's (Corporation) dividend policy and seeks to impose personal liability on the Trustees for conduct that falls short of bad faith, gross neglect or fraudulent misconduct, would constitute a contest. Therefore, the order is affirmed.

---

[4] This matter has been before us previously.

In *Hearst v. Hearst* (May 21, 1999, B118323) (nonpub. opn.), we held William's proposed petition seeking (1) to compel the Trustees to make a pure subchapter S election under the tax law, and (2) to compel the Trustees to reverse their acquisition of Argyle Television, Inc., was barred by res judicata, based on an earlier petition under section 21320 which was resolved adversely to William.

In *Hearst v. Hearst* (Feb. 7, 2000, B128171) (nonpub. opn.) which also involved a petition to declare that certain actions would not constitute a contest, we held the petition failed to pinpoint the issues as to which a determination was being sought, and we directed the appellants to refile their petition in proper form.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Introduction.*[5]

The Corporation is one of the largest diversified communication companies in the world. Its major interests include magazine, newspaper and business publishing, cable networks, television and radio broadcasting, Internet businesses, television production and distribution, newspaper features distribution, and real estate.

The Corporation was founded by WRH, the decedent. WRH died in 1951. His will created the Trust for the benefit of his descendants. The Trust is the sole shareholder of the common stock of the Corporation. The Trust's corpus consists of the stock of the Corporation which, together with its subsidiaries, is referred to as the Company.

The Trust has income beneficiaries and contingent remainder beneficiaries. The Trust is to terminate upon the death of the last measuring life, and is unlikely to end before the year 2040.

At present, there are 17 income beneficiaries, including Deborah, William and Phoebe, and more than 40 contingent income and remainder beneficiaries of the Trust.

a. *WRH's intent as manifested in his will.*[6]

In accordance with WRH's apparent intent to perpetuate his media empire, his will vested the Trustees with considerable discretion in their management of the Trust. The instrument, inter alia, confers upon the Trustees the discretion "to continue or retain [the Corporation] as long as they see fit and without time limit"; to not dispose of the Corporation or any of its businesses "unless it shall in their opinion be necessary or prudent to do so"; to hold assets regardless of the amount of income they produce, "for such periods of

---

[5] The facts are gleaned from the record.

[6] " ' "The paramount rule in the construction of wills, to which all other rules must yield, is that a will is to be construed according to the intention of the testator as expressed therein, and this intention must be given effect as far as possible." ' " (*Newman v. Wells Fargo Bank* (1996) 14 Cal.4th 126, 134 [59 Cal.Rptr.2d 2, 926 P.2d 969]; accord, *Gardenhire v. Superior Court* (2005) 127 Cal.App.4th 882, 891 [26 Cal.Rptr.3d 143].)

time and to such extent as to them may from time to time seem best"; and "to decide what is income and what is corpus or principal" of the Trust.

### b. *The no contest clause.*

The will includes a broad no contest clause, which states, inter alia: "If any person who is or would be a . . . beneficiary of a trust created herein or hereunder . . . directly or indirectly shall institute or participate or cooperate in the institution or filing or prosecution of any proceeding or proceedings of [any] kind or character whatsoever tending in any manner or to any extent to change, annul, revoke, set aside or invalidate this my Will or any of its provisions, *including but not limited to any trust created herein or hereunder or any of the provisions of any such trust* . . . , then and in any such event I hereby revoke and annul all bequests, devises and provisions made or interest created in or under this my Will for any such person." (Italics added.)

### c. *Limitation as to personal liability of the Trustees.*

With respect to the personal liability of the Trustees, the will provides no Trustee shall be answerable for any losses which may occur other "than by reason of [the Trustee's] own individual *gross neglect or fraudulent misconduct.*" (Italics added.)

### 2. *The instant proceeding.*

### a. *The proposed petition alleges the Trustees breached their fiduciary duty by favoring the remainder beneficiaries over the current income beneficiaries of the Trust.*

On September 27, 2004, Deborah and William, income beneficiaries of the Trust, filed a "Petition For Determination That Proposed Petition Will Not Violate No Contest Clause." Said petition, which was brought under the safe harbor provision of section 21320 (hereafter, the 21320 Petition), requested a determination by the trial court that the petition they proposed to file against the Trustees would not constitute a contest within the meaning of WRH's will and thus would not risk their disinheritance.[7]

The "[Proposed] Petition By Beneficiaries for Relief From Breach of Fiduciary Duty by the Trustees of the Hearst Family Trust" (hereafter, the

---

[7] Phoebe subsequently filed a joinder in the petition of Deborah and William.

Proposed Petition) was appended to the 21320 Petition as an exhibit. The Proposed Petition, which spanned six pages, alleged in relevant part:

"A fiduciary relationship exists between the Trustees and Petitioners. The Trustees must manage the Hearst Family Trust solely in the interests of the beneficiaries. [Citations.] Pursuant to . . . section 16003, the Trustees owe Petitioners a fiduciary duty of impartiality to make trust property productive for current income beneficiaries."

The Proposed Petition further alleged:

The Trust holds legal title to all the issued and outstanding common stock of the Corporation for the sole benefit of the Trust beneficiaries. In a July 18, 2003 letter, the Trustees estimated the value of the Corporation as of December 31, 2002, to be between $10.53 billion and $10.64 billion. Press accounts have estimated the value of the Corporation to be in excess of $30 billion. Based on the value range assigned by the Trustees to the common stock of the Corporation, the Trust yielded income to the income beneficiaries of 1.19 percent to 1.29 percent for the year ending December 31, 2001, and 1.24 percent to 1.25 percent for the year ending December 31, 2002.

Citing the above figures, the Proposed Petition alleged the Trustees "have breached their fiduciary duties owed to current income beneficiaries . . . . In at least the years 2000, 2001, and 2002, the property held by the [Trust] generated income to current income beneficiaries . . . *which was substantially lower than the income normally earned by trust investments, thereby favoring the remainder beneficiaries over the current income beneficiaries of the [Trust]*.[8] . . . [¶] . . . The Trustees' breaches of fiduciary duties have proximately caused the current income beneficiaries, including Petitioners, to suffer damages because current income beneficiaries would have received higher income in at least the years 2000, 2001, and 2002 had the Trustees not breached their fiduciary duties by failing to take steps to secure a reasonable income yield on the . . . Trust. [¶] . . . This Court should award damages according to proof at trial against the Trustees and in favor of all income beneficiaries as redress for the Trustees' breaches of their fiduciary duties. In addition, this Court should order that the Trustees in the future must take

---

[8] We note the Proposed Petition does not contain any allegation the Trustees' decision as to the amount of income to distribute to the income beneficiaries was based on animus, bad faith or other improper considerations. The claim of breach of fiduciary duty is based solely on the existence of a financial disparity between the income beneficiaries and the remainder beneficiaries.

steps to ensure that the Trust's income is increased so that the income beneficiaries each year receive an adequate amount of income based upon the size of the . . . Trust." (Italics added.)

By way of relief, the Proposed Petition "pray[ed] for judgment as follows: [¶] 1. That the Trustees be compelled to redress their breach of fiduciary duty by payment of money damages . . . ; [¶] 2. That the Trustees be ordered to ensure that all income beneficiaries of this Trust receive in the future an adequate amount of income based on the size of this Trust . . . ."

b. *The Trustees' opposition.*

The Trustees filed a verified response, supported by a memorandum of points and authorities. The Trustees contended the Proposed Petition would violate the no contest clause because it would interfere with the Trustees' management, constitute "second-guessing" by the beneficiaries, undermine WRH's wishes, and hinder and obstruct the carrying out of those wishes.

With respect to the Corporation's dividend policy, the Trustees responded: "The amount of dividends declared by the Corporation is a business decision made by the nineteen members of its Board of Directors, not by the Trustees qua trustees (although all thirteen Trustees are Board members and so participate in the decision in that capacity). The dividends are set as a percentage of cash available based on many factors, including: the Company's cash position, the current earnings and earnings outlook for the Company and all its subsidiaries and joint ventures; a study of dividends paid at comparable and comparative companies, also calculated as to their cash available; the Company's need to retain earnings for growth, investment in the Company, acquisition, repayment of debt and to maintain its competitiveness; and, an appropriate balancing of the rights and needs of current income beneficiaries with the rights of future and contingent income and remainder beneficiaries, living and yet to be born. Generally, this policy has been effected by the Corporation distributing approximately 20% of its available cash to the Trust."

The Trustees also stressed the Company's successful performance over the last 30 years and that the beneficiaries had profited handsomely. "From 1974 through 2004, largely under its present leadership, the Company has enjoyed great success. Its revenues have increased almost fourteen-fold; its net income has increased more than seventy-fold; its cash available after taxes has increased nearly forty-fold; and dividends paid to the Trust for distribution to the family income beneficiaries have increased more than one

thousand-fold. At present, over $150 million annually is paid in dividends by the Company to the Trust for the benefit of the current income beneficiaries, including William and Deborah. Since 1974, the Company has paid more than $1.5 billion in dividends to the Trust. [¶] As a result of the Trustees' efforts, William and Deborah's respective 5% income shares have grown from the original annual amount of $7,500 each in 1973 to an annual amount of $7.8 million each in 2004 and a planned annual amount of $8.3 million each in 2005."

### c. *Reply papers.*

Deborah and William's reply asserted, inter alia, the grant of discretion to the Trustees was not absolute and that the Trustees are required to exercise their discretionary powers "reasonably and in accordance with fiduciary principles. . . . Whether or not the Trustees have acted reasonably is a question on the merits of the Proposed Petition. The relevant question *here* is whether the no contest clause prohibits Deborah and William from asking that question in the first place, as specifically set forth in the Proposed Petition. The language of the no contest clause demonstrates that the answer is No."

### d. *Trial court's ruling.*

On April 20, 2005, the matter was heard and taken under submission. On June 1, 2005, the trial court issued an order finding the Proposed Petition of Deborah, William and Phoebe "does violate the no contest clause contained in the will."

Deborah, William and Phoebe filed timely notices of appeal from the order.[9]

## CONTENTIONS

Plaintiffs contend the standard of review is de novo, the Proposed Petition does not violate the no contest clause, and the amount of discretion the Trustees have in balancing the interests of the income and remainder beneficiaries is irrelevant at this stage of the litigation.

---

[9] The trial court's ruling the Proposed Petition would constitute a contest if filed and prosecuted is appealable. (§§ 1303, subd. (j), 1304, subd. (d).)

The Trustees contend the collateral estoppel effect of the probate court's and this court's prior decisions compels the conclusion that plaintiffs' current Proposed Petition would violate the no contest clause. Further, irrespective of the collateral estoppel effect of the prior decisions, the Proposed Petition would violate the no contest clause because the Trust provisions are controlling and they empower the Trustees to exercise broad discretion and to treat income and remainder beneficiaries differently, without beneficiary interference.

Amicus curiae Hearst Shaw, who is both an income and a potential remainder beneficiary, contends that as a matter of law, Trust beneficiaries are entitled to petition to enforce their statutory and common law rights in a manner consistent with the Trust terms and they should be free to do so without threat of disinheritance; the Trustees' various justifications for divorcing the beneficiaries from the protections afforded them by California law are devoid of merit; and this court should confirm the beneficiaries' right to challenge the Trustees' exercise of discretion for breach of their fiduciary duties.

## DISCUSSION

In summary, the six-page Proposed Petition alleges the Trustees have breached their fiduciary duty owed to current income beneficiaries by distributing "income to current income beneficiaries . . . which was substantially lower than the income normally earned by trust investments, thereby favoring the remainder beneficiaries over the current income beneficiaries of the [Trust]."

We view plaintiffs' claim in light of the language of the will, which reflects WRH's intent to confer broad discretion upon the Trustees. The issue for this court is whether this claim—without any allegation the Trustees engaged in gross neglect or fraudulent misconduct or that the Trustees' dividend policy was motivated by animus towards the income beneficiaries or some other improper considerations—entitles the plaintiffs to proceed to trial on their Proposed Petition without risking forfeiture under the no contest clause.

Our discussion sets forth legal principles relating to WRH's intent as expressed in the will, no contest clauses and the fiduciary duty of trustees. We conclude that notwithstanding the income beneficiaries' claims the Trustees violated their fiduciary duty, abused their discretion, and breached their duty of impartiality, the claims made and relief sought by the Proposed Petition

are precluded by the language of the Trust provisions, which explicitly authorize the Trustees to treat income beneficiaries and remainder beneficiaries differently.

### 1. *General principles.*

#### a. *Contests and no contest clauses.*

■ A contest is defined as "any action identified in a 'no contest clause' as a violation of the clause." (§ 21300, subd. (a).) A no contest clause "means a provision in an otherwise valid instrument that, if enforced, would penalize a beneficiary if the beneficiary files a contest with the court." (§ 21300, subd. (d).)

With respect to the interpretation and enforcement of no contest clauses, there are conflicting policies. "On the one hand, they are favored since they discourage litigation and give effect to the testator's intent. [Citations.] On the other hand, no-contest clauses are disfavored because they work a forfeiture. [Citation.] Resolution of these competing policies requires no-contest clauses be strictly construed and not extended beyond 'what was plainly the testator's intent.' [Citation.] However, a court may not rewrite a will so as to exempt contests or legal proceedings from the scope of the no-contest clause which would frustrate the testator's purpose as expressed in his or her will. [Citation.] [¶] Whether there has been a 'contest' within the meaning of a particular no-contest clause depends upon the circumstances of the particular case and the language used. [Citation.]" (*Estate of Watson* (1986) 177 Cal.App.3d 569, 572 [223 Cal.Rptr. 14].)

#### b. *The safe harbor provision of section 21320.*

Section 21320, a declaratory relief provision, states in relevant part: "(a) If an instrument containing a no contest clause is or has become irrevocable, a beneficiary may apply.to the court for a determination of whether a particular motion, petition, or other act by the beneficiary, . . . would be a contest within the terms of the no contest clause."

■ Section 21320 provides "a safe harbor for beneficiaries who seek a judicial determination whether a proposed legal challenge would be a contest, and that is the only issue to be decided when such an application is made. [Citation.] As a general rule, the decision about whether the beneficiary's

proposed action would be a will contest may not involve a determination of the merits of the action itself . . . ." (*Estate of Davies, supra*, 127 Cal.App.4th at p. 1173.)

### c. *A trustee's fiduciary duty, including the duty of impartiality, and a trustee's discretionary powers.*

■ Trustees owe all beneficiaries, including the income beneficiaries herein, a fiduciary duty. A fiduciary relationship is a recognized legal relationship such as trustee and beneficiary, principal and agent, or attorney and client. (*Persson v. Smart Inventions, Inc.* (2005) 125 Cal.App.4th 1141, 1160 [23 Cal.Rptr.3d 335].) Where a fiduciary relationship exists, there is a duty " 'to act with the utmost good faith for the benefit of the other party.' " (*Ibid.*)

The fiduciary duty of a trustee includes "the duty of loyalty (Prob. Code, § 16002); *the duty to deal impartially with the beneficiaries* (Prob. Code, § 16003); the duty to avoid conflicts of interest (Prob. Code, § 16004); the duty to control and preserve trust property (Prob. Code, § 16006; Rest.2d Trusts, §§ 175, 176); the duty to make trust property productive (Rest.2d Trusts, § 181); the duty to dispose of improper investments (Rest.2d Trusts, §§ 230, 231); and the duty to report and account (Prob. Code, § 16060)." (*Harnedy v. Whitty* (2003) 110 Cal.App.4th 1333, 1340 [2 Cal.Rptr.3d 798], italics added.)

A trustee is bound to deal impartially with all beneficiaries (§ 16003; *Crocker-Citizens National Bank v. Younger* (1971) 4 Cal.3d 202, 219, fn. 7 [93 Cal.Rptr. 214, 481 P.2d 222]; *Estate of Nicholas* (1986) 177 Cal.App.3d 1071, 1089 [223 Cal.Rptr. 410]), *unless* the language of the trust provides otherwise. (§ 16000.)

Accordingly, the law in California is consistent with American Jurisprudence, which states: "Trustees owe a duty to all trust beneficiaries, and must treat all equally. *Unless the trust instrument itself provides otherwise, the trustee's duty to each beneficiary precludes it from favoring one party over another.* Thus, a trustee must act impartially with respect to all beneficiaries, doing his or her best for the entire trust as a whole. A trustee who violates his or her duties to deal impartially with all beneficiaries risks exposure to liability for breach of trust." (76 Am.Jur.2d (2005) Trusts, § 359, pp. 413–414 fns. omitted, italics added.)

■ In a situation where the terms of the trust give the trustee "discretion to favor one beneficiary over another[,] [t]he court will not control the exercise of such discretion, except to prevent the trustee from abusing it." (Rest.2d Trusts, § 183, com. a, p. 394.)

The Restatement Second of Trusts explains: "In determining the question whether the trustee is guilty of an abuse of discretion in exercising or failing to exercise a power, the following circumstances may be relevant: (1) *the extent of the discretion conferred upon the trustee by the terms of the trust*; (2) *the purposes of the trust*; (3) *the nature of the power*; (4) the existence or non-existence, the definiteness or indefiniteness, of an external standard by which the reasonableness of the trustee's conduct can be judged; (5) *the motives of the trustee in exercising or refraining from exercising the power*; (6) *the existence or nonexistence of an interest in the trustee conflicting with that of the beneficiaries.*" (Rest.2d Trusts, § 187, com. d, p. 403, italics added.)

■ If discretion is conferred upon the trustee in the exercise of a power, "*the court will not interfere unless the trustee in exercising or failing to exercise the power acts dishonestly, or with an improper even though not a dishonest motive, or fails to use his judgment, or acts beyond the bounds of a reasonable judgment.* The mere fact that if the discretion had been conferred upon the court, the court would have exercised the power differently, is not a sufficient reason for interfering with the exercise of the power by the trustee. Thus, if the trustee is empowered to apply so much of the trust property as he may deem necessary for the support of the beneficiary, the court will not interfere with the discretion of the trustee on the ground that he has applied too small an amount, if in the exercise of his judgment honestly and with proper motives he applies at least the minimum amount which could reasonably be considered necessary, even though if the matter were left to the court to determine in its discretion it might have applied a larger amount." (Rest.2d Trusts, § 187, com. e, p. 403, italics added.)

### d. *Standard of appellate review.*

Plaintiffs' Proposed Petition presents a legal question with respect to the applicability of the no contest clause. Therefore, our standard of review is de novo. (*Estate of Davies, supra*, 127 Cal.App.4th at p. 1173; *Estate of Coplan* (2004) 123 Cal.App.4th 1384, 1388 [20 Cal.Rptr.3d 686].)[10,11]

---

[10] The issue before the trial court, and this court, is whether this particular Proposed Petition, alleging a breach of fiduciary duty for the Trustees' failure to act impartially, would amount to a contest within the meaning of the no contest clause of WRH's will. The issue is *not* whether plaintiffs are capable of amending said petition to plead a cause of action for breach of fiduciary duty without implicating the no contest clause.

[11] Irrespective of the wide-ranging arguments in the briefs, our review is confined to the four corners of the Proposed Petition, which we scrutinize to determine whether it would constitute a contest.

## 2. *The instant no contest clause.*

The no contest clause of WRH's will sets forth various actions which disinherit "any person who is or who would be a legatee or devisee under this my Will or a beneficiary of a trust created herein or hereunder . . . ."

To reiterate, the no contest clause applies, inter alia, to any person who "directly or indirectly shall institute or participate or cooperate in the institution or filing or prosecution of any proceeding or proceedings of [any] kind or character whatsoever tending in any manner or to any extent to change, annul, revoke, set aside or invalidate this my Will or any of its provisions, *including but not limited to any trust* created herein or hereunder or any of the provisions of any such trust . . . ." (Italics added.)

## 3. *Plaintiffs' Proposed Petition for breach of fiduciary duty of impartiality, which challenges and seeks toalter the Corporation's dividend policy, would constitute a contest within the meaning of the no contest clause.*

As noted, the Trust's corpus consists of the stock of the Corporation. The Corporation's policy, which was set and implemented by the Trustees in accordance with WRH's apparent intent to perpetuate his media empire, has been to allocate approximately 20 percent of its available cash to the Trust in the form of dividends, which dividends are distributed to the income beneficiaries, with the other 80 percent being retained for growth, investment in the Company, acquisitions and repayment of debt, a policy which inures to the benefit of the remainder beneficiaries.

The gravamen of plaintiffs' Proposed Petition for breach of fiduciary duty is that the Trustees failed to act impartially toward the income beneficiaries. Plaintiffs assert the Trustees should have generated, and should be required in the future to generate, more income for the current income beneficiaries.

### a. *Plaintiffs' claim the Trustees breached their duty of impartiality by maintaining a dividend policy which effectively favors the remainder beneficiaries conflicts with Trust provisions and therefore would amount to a contest.*

The amicus curiae brief contends "California law (Prob. Code, § 16003) compels trustees to treat classes of beneficiaries impartially and there is not a word or hint in WRH's will that excuses the Trustees from these obligations."

To the contrary, the very language of the will authorizes the Trustees to treat the two classes of beneficiaries, namely, income and remainder beneficiaries, differently. The will confers discretion upon the Trustees "to decide what is income and what is corpus or principal" of the Trust, as well as "to hold funds either uninvested or invested in non-income producing securities or property in such amounts, for such periods of time and to such extent as to them may from time to time seem best . . . ." Said provisions significantly depart from the strict statutory duty of impartiality with respect to income production for current income beneficiaries. Under the code, trustees have "a duty to administer the trust according to the trust instrument and, *except to the extent the trust instrument provides otherwise*, according to this division." (§ 16000, italics added.) Here, the trust instrument, i.e., the will, expressly provides otherwise.

Although the will permits the Trustees to depart from the strict statutory duty of impartiality with respect to income production for current income beneficiaries, *the Trustees nonetheless must exercise their discretion in good faith and are prohibited from treating the current income beneficiaries differently based on animus, bad faith or other improper motives*. (Rest.2d Trusts, *supra*, § 187, com. d, p. 403.) However, there is no allegation in the Proposed Petition to the effect that the Trustees' dividend policy is grounded in bad faith or an improper motivation. There is no allegation the Trustees acted dishonestly.

The bare allegation in the Proposed Petition that the Trustees breached their fiduciary duty owed to current income beneficiaries by adhering to a dividend policy which has the effect of favoring the remainder beneficiaries over the current income beneficiaries, without more, is insufficient to state a claim for breach of fiduciary duty to overcome the no contest clause. Said allegation does not entitle the income beneficiaries to proceed with their Proposed Petition challenging the Trustees' conduct without risking forfeiture under the no contest clause.

> b. *The Proposed Petition, which challenges and seeks to alter the Corporation's dividend policy, would interfere with the Trust's business operations.*

Another defect in the Proposed Petition is that it challenges and seeks to alter the Corporation's dividend policy, and therefore would interfere with the Trust's business operations.

The Trustees contend an increase in dividend payouts would require them either to cause the Corporation to change its dividend policy or to sell some

or all of the Corporation's stock. Plaintiffs and amicus curiae do not dispute that assertion.

The relief which plaintiffs seek, namely, a change in the Corporation's dividend policy, would defeat WRH's intent by negating the Trustees' discretion. As already set forth, the " ' "paramount rule in the construction of wills, to which all other rules must yield, is that a will is to be construed according to the intention of the testator as expressed therein . . . ." ' " (*Newman v. Wells Fargo Bank, supra,* 14 Cal.4th at p. 134.) WRH's stated intent " ' "must be given effect as far as possible." ' " (*Ibid.*)

WRH's will specifically vests the Trustees with discretion, inter alia, "to continue or retain [the Corporation] as long as they see fit and without time limit"; to not dispose of the Corporation or any of its businesses "unless it shall in their opinion be necessary or prudent to do so"; to hold assets regardless of the amount of income they produce, "for such periods of time and to such extent as to them may from time to time seem best"; and "to decide what is income and what is corpus or principal" of the Trust.

Amicus curiae acknowledges the no contest clause herein "precludes interfering prospectively with business operations [or] challenging the trust terms." But that is the nature of the relief sought by the Proposed Petition, which in effect seeks to interfere with the Trust's business operations.

The Proposed Petition would request the probate court to "order that the Trustees in the future . . . take steps to ensure that the Trust's income [to the income beneficiaries be] increased" to a level which plaintiffs deem "adequate."

As indicated, it is undisputed the Trustees could increase the Trust's income only by causing the Corporation to change its dividend policy and/or to sell some or all of the Corporation's stock. By seeking to compel the Trustees to take these steps, the Proposed Petition would be "interfering prospectively with business operations," which amicus curiae admits would be a violation of the no contest clause. Plaintiffs cannot avoid the no contest clause simply by denominating their proposed challenge to the Trustees' discretionary decision with respect to the level of dividend payouts as a cause of action against the Trustees for breach of fiduciary duty.

#### 4. *Plaintiffs' Proposed Petition, which seeks to impose personal liability on the Trustees for conduct which falls short of gross neglect or fraudulent misconduct, is at odds with the will's limitation on the personal liability of the Trustees.*

The Proposed Petition, in seeking to impose personal liability on the Trustees for their alleged failure to distribute sufficient income to the income beneficiaries, conflicts with the will's express limitation on the Trustees' personal liability.

The Proposed Petition alleging a breach of the fiduciary duty of impartiality would request the probate court to "award damages according to proof at trial against the Trustees and in favor of all income beneficiaries," that is, to surcharge the Trustees personally.

However, the will provides the Trustees shall not be answerable for any losses other than those which may occur by reason of their own "individual *gross neglect or fraudulent misconduct.*" (Italics added.) Amicus curiae acknowledges the no contest clause precludes "surcharging the Trustees personally for less than gross neglect or fraud."

The Proposed Petition does not allege any gross neglect or fraudulent misconduct by the Trustees. There is no allegation the Trustees were dishonest, engaged in self-dealing or misappropriated trust assets. The relief sought in the Proposed Petition, with respect to the imposition of personal liability on the Trustees, is contrary to what is permitted by the will.

#### 5. *Trial court retains jurisdiction to protect the estate and its beneficiaries.*

It is established that "[t]he power of the court is invoked in probate matters, at least in substantial measure, to protect the estate and ensure its assets are properly protected for the beneficiaries. No contest clauses that purport to insulate executors completely from vigilant beneficiaries violate the public policy behind court supervision." (*Estate of Ferber* (1998) 66 Cal.App.4th 244, 253 [77 Cal.Rptr.2d 774].)

*Estate of Ferber* was mindful of the conflicting policies with respect to the interpretation and enforcement of no contest clauses—the need, on the one hand, for court supervision to protect the estate and its beneficiaries, and the competing interest, on the other hand, of discouraging litigation and giving effect to the purposes expressed by the testator. (*Estate of Ferber, supra,* 66 Cal.App.4th at pp. 253–254.) *Ferber* stated: "[W]hen public policy interests conflict, as they do here, we engage in a balancing process. [Citations.] We

strike a balance in this instance by enforcing no contest clauses against beneficiaries who attempt to oust the executor with a *frivolous* challenge. [¶] This standard allows beneficiaries who believe an executor is engaged in misconduct to bring the potential malfeasance to the court's attention without fear of being disinherited, furthering the public policy of eliminating errant executors." (*Id.* at p. 254, italics added.)

In the instant case, the proposed claims by plaintiffs clearly implicate the no contest clause. WRH in his will indicated his intent to maintain his media empire by directing the Trustees "not to part with the ownership or control" of corporate assets "unless it shall in their opinion be necessary or prudent to do so," and vesting the Trustees with broad discretion to retain corporate earnings and to enhance the corpus. Further, under the terms of the will, the Trustees are not obligated to treat the income beneficiaries and the remainder beneficiaries equally. We can make this "determination . . . as a matter of law without reference to any factual matters . . . ." (*Estate of Ferber, supra,* 66 Cal.App.4th at p. 251.)

### 6. *Remaining issues not reached.*

In view of our conclusion the Proposed Petition against the Trustees for breach of fiduciary duty for failure to treat the beneficiaries impartially would constitute a contest, it is unnecessary to address the Trustees' collateral estoppel arguments or any other issues.

## CONCLUSION

There is no question but that the Trustees owe a fiduciary duty to all the beneficiaries of the Trust and that they are bound by statutory and case law, as well as by the terms of the governing instrument. Here, however, notwithstanding the income beneficiaries' claims the Trustees violated their fiduciary duty, abused their discretion, and breached their duty of impartiality, the claims made and the relief sought by the Proposed Petition are precluded by the language of the Trust provisions, which explicitly authorizes the Trustees to treat income and remainder beneficiaries differently.

The no contest clause herein applies to "any proceeding . . . *tending in any manner or to any extent to change, annul, revoke, set aside or invalidate this my Will or any of its provisions, including but not limited to any trust created herein or hereunder or any of the provisions of any such trust* . . . ." (Italics added.) Plaintiffs' Proposed Petition to compel the Trustees to alter their dividend policy and to hold the Trustees personally liable for breach of fiduciary duty, without more, conflicts with the terms of the instrument and therefore would amount to a contest.

## DISPOSITION

The order is affirmed. The Trustees shall recover their costs on appeal.

Croskey, J., and Aldrich, J., concurred.