Filed 3/20/14  Bozigian v. Saputo CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| STEVE BOZIGIAN, | B248636 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VP011561) |
| v. | |
| SUSAN MERCEDES SAPUTO et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel S. Murphy, Judge.  Affirmed.

Velasco Law Group, Paul D. Velasco, Richard J. Radcliffe and Dana M. Cannon for Plaintiff and Appellant.

Law Offices of Anju Multani and Anju Multani for Defendants and Respondents.

# I. INTRODUCTION

Plaintiff, Steve Bozigian, appeals from an October 30, 2012 judgment entered after two bench trials. Plaintiff argues the probate court erred in finding defendants, Susan Mercedes Saputo and Sandra Marie Martin, did not breach their fiduciary duties. Defendants are co-trustees of the Rose D. Bozigian Living Trust (the trust). The trust was established by the parties' deceased mother. Plaintiff contends there is a disconnect between: the trial court's findings in the two phases of the trial; defendants' alleged admissions of substantial self-dealing; and the erroneous judgment. Plaintiff also asserts it was error to approve defendants' accounting. He argues defendants should have been surcharged because they misappropriated trust property and breached their fiduciary duty. In addition, plaintiff contends he is entitled to an attorney's fee award because of defendants' misconduct. Plaintiff's claims are all premised on the theory there was misconduct in connection with a trust asset, Ms. Bozigian's former residence. However, substantial evidence supports the conclusion the residence was not at any relevant time a trust asset. We affirm the judgment.

# II. BACKGROUND

Plaintiff and defendants are the three children of Ms. Bozigian. On December 16, 2000, Ms. Bozigian signed a revocable living trust. Ms. Bozigian was both the trust trustor and trustee. That same day, Ms. Bozigian transferred her Norwalk residence to the trust via an individual quitclaim deed. No other real property was added to the trust estate.

On December 31, 2003, Ms. Bozigian, as trustee, conveyed the Norwalk property out of the trust by grant deed to obtain a loan in order to refinance the residence. The record title was taken as, "Rose D. Bozigian, a widow, and Susan Mercedes Saputo, a widow all as joint tenants." Ms. Bozigian died on December 24, 2006. The residence's record title remained in the name of Rose D. Bozigian and Susan Mercedes Saputo as

joint tenants. After Ms. Bozigian died, defendants became successor co-trustees of the trust.

On February 28, 2008, plaintiff filed a petition alleging: breach of trust; aiding and abetting breach of trust; and wrongful taking of the decedent's property by Ms. Saputo. Plaintiff sought the imposition of a constructive trust against Ms. Saputo, who now held title to the Norwalk property pursuant to the joint tenancy deed. In addition, he sought to quiet title against the claims of Ms. Saputo with respect to the 2003 grant deed. Plaintiff also sought removal of defendants as co-trustees and the appointment of himself as the successor trustee.

The first phase of the trial was conducted before Commissioner Robert S. Wada in May 2010. Commissioner Wada heard testimony from the parties, John Trommald, an attorney, and two of the decedent's friends, Jenine Lance and Vicki Shandy. Commissioner Wada issued his decision after the hearing on September 30, 2010.

Commissioner Wada found the Norwalk property was taken out of the trust. This was because Ms. Bozigian wanted to refinance, in part, to pay off some of plaintiff's credit card debts. Ms. Saputo was added to the title and it was taken in joint tenancy. This was because Ms. Bozigian could not qualify for the loan on her own. In February 2007, defendants had a meeting with Mr. Trommald, an estate planning, trust and probate law specialist for the purpose of instituting legal proceedings to evict plaintiff from the Norwalk property. At their first meeting with Mr. Trommald, defendants showed him the trust instrument and the individual quitclaim deed. But defendants did not show Mr. Trommald the 2003 joint tenancy grant deed. A February 28, 2007 letter sent by Mr. Trommald to plaintiff noted the house was the only trust asset. It was not until after title search was completed on the Norwalk property that Mr. Trommald discovered title was not in the name of the trust. Commissioner Wada found defendants did not bring the joint tenancy grant deed to their meeting with Mr. Trommald because defendants believed the trust owned the Norwalk property. Furthermore, Commissioner Wada found Ms. Bozigian did not intend that title be held in true joint tenancy. Ms. Lance and Ms. Shandy testified as to a conversation with Ms. Bozigian. In February 2004, Ms. Bozigian

3

told them that she had a trust and was leaving the property to her three children. Commissioner Wada ruled the 2003 deed was not a true joint tenancy deed, with a right of survivorship, but was prepared and executed to obtain a loan.

Commissioner Wada stated: "There is no doubt that the living trust was executed. However, title to the real property was not in the name of the trust since the 12/31/03 grant deed conveying the real property out of the trust so the real property cannot be determined as an asset of the trust. But there was no intent of the decedent to create a joint tenancy ownership in the real property with Ms. Saputo. Therefore, a probate estate would be required to administer the decedent's real property. The court orders that Susan Mercedes Saputo holds title to the Norwalk real property, in trust, as constructive trustee, for the benefit of the persons entitled to distribution of the assets of the decedent. The real property would be an asset subject to probate administration in the required and now necessary Estate of Rose D. Bozigian, a probate estate."

The second phase of the trial in July 2012 was conducted before the Honorable Daniel S. Murphy. Judge Murphy heard testimony from plaintiff and defendants. Judge Murphy found plaintiff failed to provide credible evidence that defendants breached any fiduciary duty. In addition, Judge Murphy found no credible evidence that defendants wrongfully took property belonging to Ms. Bozigian's estate. Judge Murphy explained: "It should be noted that since 2003, there have been no assets in the Rose Bozigian Trust. Commissioner Wada ruled in 2010 that the property in question was not part of the Rose Bozigian Trust. Any of the alleged actions concerning the subject property did not involve the trust." Judge Murphy ruled plaintiff was not entitled to attorney fees for an action grounded on a trustee's negligent management of trust assets.

Judge Murphy ordered Ms. Saputo to reimburse the estate for $20,372.88 that she took out of the Norwalk property in 2007. Plaintiff was ordered to reimburse Ms. Bozigian's estate for the $19,086.66 he owed the estate for his credit card debts. However, no one was required to reimburse the estate for money given to Ronald Saputo, Ms. Saputo's son, by Ms. Bozigian. Finally, Judge Murphy ruled, "The real property and income generated from the subject property are assets subject to probate administration in

4

the Estate of Rose Bozigian . . . ."  Judgment was entered on October 30, 2012.  Plaintiff filed his notice of appeal on April 23, 2013.

## III.  DISCUSSION

A trustee owes all beneficiaries a fiduciary duty.  (*Hearst v. Ganzi* (2006) 145 Cal.App.4th 1195, 1208; *Persson v. Smart Inventions, Inc.* (2005) 125 Cal.App.4th 1141, 1160.)  Fiduciary duties include:  a duty of loyalty (Prob. Code § 16002); a duty to deal impartially with beneficiaries (Prob. Code § 16003); a duty to avoid conflict of interest (Prob. Code § 16004); a duty to control and preserve trust property (Prob. Code § 16006); a duty to make trust property productive (Prob. Code § 16007); and a duty to report information to beneficiaries (Prob. Code § 16060).  A trustee's violation of any duty owed to beneficiaries is a breach of trust.  (Prob. Code § 16400; *Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 888.)  To establish a breach of fiduciary duty, plaintiff must show the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach.  (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820; *LaMonte v. Sanwa Bank California* (1996) 45 Cal.App.4th 509, 517.)  We review for substantial evidence the probate court's finding of whether a trustee breached any fiduciary duty.  (*Penny v. Wilson* (2004) 123 Cal.App.4th 596, 603; *Estate of Bonaccorsi* (1999) 69 Cal.App.4th 462, 472.)

Plaintiff argues the probate court erred in finding defendants did not breach their fiduciary duties or aided or abetted in the breach of trust.  He also contends it was error to find defendants did not wrongfully take trust property.  Plaintiff asserts he is entitled to double recovery for property wrongfully taken from the trust.  He also argues defendants should be surcharged for breach of trust.  Plaintiff's arguments are meritless.

Substantial evidence supports the probate court's findings that defendants did not breach any fiduciary duty.  Defendants' actions relating to the Norwalk property did not constitute a breach of trust because the real property was not a trust asset.  In his September 30, 2010 decision, Commissioner Wada found the Norwalk property was

5

taken out of the trust by Ms. Bozigian to obtain a loan.  The real property was transferred out of the trust by the December 31, 2003 grant deed from Ms. Bozigian.  Title was vested to Ms. Bozigian and Ms. Saputo as joint tenants (although ineffectively as explained by Commissioner Wada).  Ms. Bozigian never transferred title to the Norwalk property back to the trust.  Furthermore, there was no other property in the trust.  Judge Murphy found since 2003, there have been no assets in the trust.  Because defendants did not breach their fiduciary duties, plaintiff is not entitled to surcharges against defendants or any attorney's fee award.

In addition, substantial evidence supports Judge Murphy's finding that defendants did not wrongfully take trust property.  Plaintiff asserts defendants attempted to deprive him of his one-third share of the Norwalk property.  But the Norwalk property is not a trust asset; thus, there was not wrongful taking of trust property.  Moreover, Judge Murphy ruled that the Norwalk property and income generated from that property are assets subject to probate administration.  There is no inconsistency in the rulings of Commissioner Wada and Judge Murphy and they are supported by substantial evidence.

6

## IV.  DISPOSITION

The October 30, 2012 judgment is affirmed.  Defendants, Susan Marie Martin and Susan Mercedes Saputo, shall recover their appeal costs from plaintiff, Steve Bozigian.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

MINK, J.[*]

---

[*]    Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.