Filed 6/24/14  Thornton v. Thornton CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| SEAN DAVID THORNTON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MARY ANN THORNTON, Individually and as Trustee, etc.,<br><br>    Defendant and Respondent. | D064445<br><br><br><br>(Super. Ct. No. 37-2013-00034838-<br>PR-TR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey S. Bostwick, Judge.  Affirmed.

Sean David Thornton, in pro. per., for Plaintiff and Appellant.

Law Offices of Kenneth H. Miller, Kenneth H. Miller, Michael I. Miller; Law Offices of Gregory Y. Lievers, Gregory Y. Lievers and Lorin R. Clark for Defendant and Respondent.

This appeal arises from the denial of Sean David Thornton's (Sean's)[1] petition in probate court for a distribution under a trust. Sean attempted to remove his mother, Mary Ann Thornton (Mary), as trustee of the Anne Frances Prusa Trust (the trust), based upon his allegation that she committed a breach of trust by refusing to provide him funds under the trust. The probate court denied his petition.

Sean, who is currently incarcerated at Mule Creek State Prison, and appears in this action in propria persona, appeals, asserting he has a right to funds from the trust for his health, support, education and maintenance. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Trust*

Mary is the daughter of the settlor, Ann Francis Prusa (settlor), and Sean is the son of Mary and the grandson of the settlor. Sean has been incarcerated at Mule Creek State Prison since 2011.

The trust was created in 1988. A third amendment to the trust was executed in 2010. Pursuant to that third amendment the settlor could amend or revoke the trust in whole or in part at any time during her lifetime. Moreover, of relevance to this appeal, the third amendment gave the trustee wide discretion as to payments to Sean:

> "*At any time or times during the trust term, the trustee shall pay to or apply for the benefit of Sean as much of the net income and principal of the trust as the trustee deems proper for Sean's health, education, support, and maintenance.* In exercising discretion, the trustee shall give the consideration that the trustee deems proper to

---

[1] Because the parties share the same last name, in the interests of clarity we refer to them by their first names. We intend no disrespect.

all other income and resources that are known to the trustee and that are readily available to Sean for use for these purposes. *All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone. . . . [¶] The trustee may choose, in their sole and incontestable discretion, to use any remaining proceeds from the principal and income of the Separate Share Trust for Sean, to purchase an annuity or some similar plan for Sean, in lieu of making discretionary payments to Sean, to provide payments to Sean over his lifetime or over a course of years as determined by the trustee.*"  (Italics added.)

In February 2012, shortly before the settlor's death, a fourth amendment to the trust was executed.  That fourth amendment appointed Mary as trustee of the trust.  The fourth amendment also provided that, after various payments were made, 25 percent of the remaining trust property would be distributed into a separate trust for the benefit of Sean, and the remaining 75 percent would be distributed to Mary.  The fourth amendment also provided that Mary would act as trustee for Sean's trust.

The settlor passed away in March 2012.  In November of that year Sean wrote to Mary, asking for funds to support himself while he was incarcerated.  According to Sean, the funds would be used to buy "a TV, radio, package, and money to go to the store" while in prison.  Mary responded that she would not distribute trust funds directly to him until he was released from prison, at which time an annuity would be established and monthly payments provided to him.

3

B. *The Petition*

In February 2013 Sean filed his initial petition. Thereafter, in May 2013 Sean filed an amended petition, under Probate Code[2] sections 16420, subdivision (a)(1) & 3, and 1700, subdivision (a)(3) seeking, among other things, to have Mary removed as trustee for allegedly breaching her duties by not sending him funds to which he was entitled. Specifically, Sean sought "any amount not to exceed [$51,000]" in order for him to "take college courses on business, secure funds to support his welfare, i.e., clothes and shoes; cosmetics for his hygiene; and proper food for his health and nutrition from packages and canteen ['store']."

Mary responded to the petition, asserting that she had the discretion whether to make payments to Sean and that he was provided meals and housing by the state while incarcerated. Mary also stated that she was not opposed to making payments to third parties in order to allow him to pursue his education goals, but would not give funds to him directly.

The court denied the petition.

DISCUSSION

A. *Standard of Review*

"The court in its discretion may make any orders and take any other action necessary or proper to dispose of the matters presented by the petition, including appointment of a temporary trustee to administer the trust in whole or in part."

---

2    All further undesignated statutory references are to the Probate Code.

4

(§ 17206.)  Accordingly, the standard of review in this matter is abuse of discretion. (*Manson v. Shepherd* (2010) 188 Cal.App.4th 1244, 1258.)

B.  *Analysis*

Sean cannot show that Mary abused her discretion in refusing to pay money directly to him while he was incarcerated.  The trust explicitly states, in the third amendment, that Mary has the discretion to determine how and when monies would be paid to him.  It does not require that money be paid directly to him.  It also expressly states that Mary has the option of setting up an annuity to provide for his needs, which Mary chose to do.

Courts will not interfere with the discretion given a trustee, except to prevent the trustee from abusing it.  (*Hearst v. Ganzi* (2006) 145 Cal.App.4th 1195, 1208.)  "If discretion is conferred upon the trustee in the exercise of a power, '*the court will not interfere unless the trustee in exercising or failing to exercise the power acts dishonestly, or with an improper even though not dishonest motive, or fails to use his judgment, or acts beyond the bounds of a reasonable judgment.*' "  (*Id.* at p. 1209.)  Sean cannot show that Mary acted in this manner in exercising her discretion pursuant to the terms of the trust.

5

DISPOSITION

The order denying Sean's petition is affirmed. Mary shall recover her costs on appeal.

NARES, Acting P. J.

WE CONCUR:

McDONALD, J.

O'ROURKE, J.

6