HARLOW W. BAILEY, Appellant, *v.* BUFFALO LOAN, TRUST AND SAFE DEPOSIT COMPANY et al., Respondents.

(Submitted March 15, 1915; decided March 26, 1915.)

MOTION by Buffalo Loan, Trust and Safe Deposit Company for an order amending the remittitur herein by supplementing the same with a statement that said remittitur may make it definite and certain that the trial court, upon the accounting provided for in the decision of this case, as set forth in the opinion handed down therein, shall not be precluded from hearing, considering and passing upon any application of the trustee for an allowance out of the trust fund for its reasonable and necessary expenses incurred in administering the trust estate. (See 213 N. Y. 525.)

*Messer & Groat* for the motion.

*Aaron Fybush, F. C. Ferguson* for plaintiff, *F. B. Van Peyma,* guardian *ad litem* for infant defendants, opposed.

*Per Curiam.* It appears from the papers submitted on this motion that the Buffalo Loan, Trust and Safe Deposit Company seeks to be allowed the sum of $1,210 granted by the judgment of the Special Term, which judgment has been reversed by this court. The effect of the reversal requires the trust company to account for that item; *second,* an item of $384.55 paid to the guardian *ad litem,* together with $2.42 for remittitur, which is conceded by the plaintiff to be a proper allowance; *third,* $1,317.44 for defendant's disbursements and counsel fees in this action.

44

The facts in this case are fully set forth in the opinion of this court (*Bailey* v. *Buffalo Loan, Trust & Safe Deposit Company*, 213 N. Y. 525), and so far as the question presented by this motion is concerned Bailey, the plaintiff, was decreed to be entitled to the avails of the trust fund now in the hands of the defendant, Buffalo Loan, Trust and Safe Deposit Company, together with any accumulations thereunder from July 1, 1911, after deduction of *legal commissions* to which the trust company is entitled in the disposition of said fund.

The record on appeal disclosed that the trust company had acted as trustee at least from January 29, 1899; that it had taken commissions semi-annually on income paid by it as trustee; the opposing affidavits here disclose that the trustee has not filed any account or secured a decree for any payments made by it. Our decision of the case left the question of legal commissions to which the trust company was entitled under section 2753, formerly section 2802 of the Code of Civil Procedure, to be determined by the Special Term. We did not allow the trust company costs in this action for the reason that all parties interested in the trust fund were parties to the action. The infants appeared by guardian *ad litem;* Alanson C. Bailey, the annuitant, appeared by his attorney. The annuitant and infants opposed the claim of the plaintiff, and the trust company as strenuously opposed the rights of the plaintiff as did the defendants, who were interested therein, and when successful in the court below liberal allowances were granted, payable from the trust fund.

As trustee the trust company owed a duty to the plaintiff. While the other parties defendants were asserting their rights to the trust fund as against plaintiff the trustee would not be justified in suffering a default. Its interest as trustee would be preserved had it remained neutral as between the parties, while they sought in good faith a determination of the question of the validity of the trust provision of the will. It chose to join in the litigation, and to defeat the plaintiff, who was a *cestui*

*que trust* under the terms of the instrument in litigation, while the remaining defendants in their individual behalf sought the same end and purpose. As the plaintiff was finally successful, we determined that the action of the trust company did not justify an award of costs or an allowance to it to be paid by plaintiff, the successful party.

The practice of making an award or allowance from trust funds should be limited rather than extended.

Under the decision made in this case the trust fund and accretions thereon were awarded to the plaintiff, after the deduction of legal commissions to which the trust company is entitled, as stated in our opinion. The parties having consented that the payments made to the guardian *ad litem* of $384.55 should be credited to the trust company, that amount should be allowed to it, but otherwise the decision of this court as made leaves, as the only question for the Special Term, the amount of accumulations of the fund and the amount of legal commissions to which the trust company is entitled.

The motion should be denied, with ten dollars costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, MILLER, CARDOZO and SEABURY, JJ., concur.

Motion denied.