Filed 3/12/14  Turrini v. De Young CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ROBERT TURRINI et al., as Trustees, etc.,<br><br>        Plaintiffs and Respondents,<br><br>v.<br><br>KATHARINE De YOUNG,<br><br>        Defendant and Appellant. | A137816<br><br>(Marin County<br>Super. Ct. No. PR 1203321) |

Katharine De Young, formerly the primary beneficiary under a trust established by Virginia Barnes, filed a petition contesting the validity of trust amendments that reallocated most trust benefits to a different beneficiary.  The trustees, relying on provisions of the trust instruments expressly authorizing the use of trust funds to oppose any such contest, sought and obtained trial court approval to oppose De Young's challenge at the trust's expense.  De Young appeals, contending that, despite the language in the trust instruments, the trustees' use of trust funds to oppose her petition would be improper because it would violate the trustees' fiduciary duty to treat all beneficiaries impartially, and would not benefit the trust.  We affirm.

## I.  BACKGROUND

In 1984, Barnes executed the Virginia R. Barnes Revocable Inter Vivos Trust Agreement (trust agreement).  Between 1984 and 2006, Barnes executed 12 amendments to the trust agreement.  Barnes died in February 2012.

Robert Turrini and Grace Dickson Tolson are the successor co-trustees under the trust agreement (the trustees).  Turrini, an attorney, represented Barnes in connection

1

with estate planning matters from 1984 until Barnes' death, and he was involved in the preparation of the trust agreement and amendments. Amendments to the trust provide Turrini is to serve as trustee without compensation, but the law firm in which he is a partner, Freitas, McCarthy, MacMahon & Keating, LLP (the Freitas firm), may act as attorneys for Turrini in his capacity as trustee and receive reasonable compensation for their services.

De Young is a first cousin, once removed, of Barnes. Amendment No. 6 to the trust agreement, which Barnes executed in 1998, provided for distribution to De Young of the residue of the trust estate. Amendment Nos. 7–12, executed by Barnes between 2001 and 2006, changed this disposition and provided for distribution of the residue of the trust estate to Celvin Rodriguez, a care provider to Barnes. Several amendments authorize the trustees to defend, at trust expense, any contest or other challenge to the trust provisions.

After Barnes' death, De Young filed a petition for an order invalidating trust amendment Nos. 7–12, alleging Rodriguez obtained the amendments through undue influence and fraud. De Young also sought an order precluding the trustees from using trust funds to pay attorney fees to defend against De Young's petition. De Young argued such use of trust funds would violate the trustees' duty to remain impartial in disputes among beneficiaries and would deplete trust assets.

The trustees petitioned the court for instructions, seeking authorization to use trust funds to retain the Freitas firm to oppose De Young's contest. The trustees argued the trust instruments authorized this use of trust funds.

After a hearing, the court entered a written order authorizing the trustees to retain the Freitas firm to defend against De Young's petition, and to pay reasonable legal fees and costs from trust funds. De Young appealed.[1]

---

[1] A final order on a trustee's petition for instructions is appealable. (See Prob. Code, §§ 1304, subd. (a), 17200, subds. (a) & (b)(6).) All statutory references are to the Probate Code unless otherwise stated.

2

## II. DISCUSSION

### A. Standard of Review

We review the trial court's order authorizing payment of attorney fees from trust funds for abuse of discretion. (*Terry v. Conlan* (2005) 131 Cal.App.4th 1445, 1461 (*Terry*).) To the extent the court resolved issues of law, our review is de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

### B. Analysis

De Young argues in her opening appellate brief (as she did in the trial court) that the trustees' use of trust funds to oppose her contest and defend the validity of the trust amendments favoring Rodriguez would violate the trustees' duty to treat beneficiaries impartially.

Trustees owe beneficiaries a fiduciary duty. (*Persson v. Smart Inventions, Inc.* (2005) 125 Cal.App.4th 1141, 1160.) The fiduciary duty of a trustee includes " 'the duty of loyalty (Prob. Code, § 16002); the duty to deal impartially with the beneficiaries (Prob. Code, § 16003); the duty to avoid conflicts of interest (Prob. Code, § 16004); the duty to control and preserve trust property (Prob. Code, § 16006; Rest.2d Trusts, §§ 175, 176); the duty to make trust property productive (Rest.2d Trusts, § 181); the duty to dispose of improper investments (Rest.2d Trusts, §§ 230, 231); and the duty to report and account (Prob. Code, § 16060) . . . .' " (*Harnedy v. Whitty* (2003) 110 Cal.App.4th 1333, 1340.)

Trust instruments may vary the duties owed by trustees.[2] (§ 16000; *Hearst v. Ganzi* (2006) 145 Cal.App.4th 1195, 1208–1209 (*Hearst*).) Section 16000 states: "On acceptance of the trust, the trustee has a duty to administer the trust according to the trust instrument and, *except to the extent the trust instrument provides otherwise*, according to

---

[2] Trust instruments also may confer on the trustee powers not granted by statute. Section 16200 provides: "A trustee has the following powers without the need to obtain court authorization: [¶] (a) *The powers conferred by the trust instrument.* [¶] (b) Except as limited in the trust instrument, the powers conferred by statute. [¶] (c) Except as limited in the trust instrument, the power to perform any act that a trustee would perform for the purposes of the trust under the standard of care provided in Section 16040 or 16047." (Italics added.)

this division [i.e., the 'Trust Law,' Division 9 of the Probate Code (see § 15000)]." (Italics added.) Accordingly, "[a] trustee is bound to deal impartially with all beneficiaries (§ 16003; [citations]), *unless* the language of the trust provides otherwise. (§ 16000.)" (*Hearst, supra,* at p. 1208, original italics.) If the trust terms give the trustee discretion to favor one beneficiary over another, the court " 'will not control the exercise of such discretion, except to prevent the trustee from abusing it.' " (*Ibid.*) For example, in *Hearst*, the trust instrument, by conferring discretion on the trustees as to certain financial and investment decisions, authorized the trustees to treat two classes of beneficiaries, namely, income and remainder beneficiaries, differently. (*Id.* at p. 1211.)

Here, assuming De Young is correct that the statutory duty to treat beneficiaries impartially (§ 16003) would ordinarily require trustees to remain impartial in a contest challenging the reallocation of trust benefits from one beneficiary to another, the Barnes trust instruments expressly authorize the trustees to take a position in such a contest and to defend against it using trust funds. Amendment No. 6 to the trust (which provided for distribution of the residue of Barnes' estate to De Young) states: "The Trustee is hereby authorized to defend, at the expense of the trust, any contest or other attack of any nature on these trusts or any of their provisions." Subsequent amendments (which provide for distribution of the residue to Rodriguez) include similar language. Amendment No. 12, the most recent amendment, states: "The Trustee is authorized to defend, at the expense of the Trust, any contest or attack on the Settlor's Estate Plan."[3]

Because the trust instruments expressly authorize the trustees to defend against a contest of the trust provisions at trust expense, we reject De Young's argument that such conduct violates the general duty of impartiality.[4] (See § 16000; *Hearst, supra,* 145 Cal.App.4th at p. 1208; see also § 16200, subd. (a).)

---

[3] The amendments also contain more general provisions authorizing the trustees to prosecute and defend legal actions.

[4] As noted, the trial court may prevent the trustees from abusing the discretion granted to them by the trust instruments. (*Hearst, supra,* 145 Cal.App.4th at p. 1208.)

4

In arguing for a contrary result, De Young relies heavily on *Whittlesey v. Aiello* (2002) 104 Cal.App.4th 1221 (*Whittlesey*), and *Terry*. In *Whittlesey*, the trial court denied an attorney's request for reimbursement from trust funds for fees incurred representing the trustee in the unsuccessful defense of a trust amendment that changed the allocation of benefits. (*Whittlesey*, *supra,* at p. 1224.) The appellate court affirmed, holding the trustee's participation in the litigation between competing beneficiaries[5] did not benefit the trust, and an award of fees from trust funds would be inequitable because it would be, in effect, an award from the beneficiary who had successfully challenged the amendment and was entitled to the trust funds. (*Whittlesey*, *supra,* at pp. 1224, 1227, 1230–1231.) Similarly, in *Terry*, the appellate court held a trustee who was also a beneficiary was not entitled to reimbursement from trust funds of attorney fees she incurred participating in litigation between herself and her siblings on the one hand, and a competing beneficiary on the other. (*Terry, supra,* 131 Cal.App.4th at pp. 1461–1464.) Because the opposing beneficiary did not challenge the existence of the trust, but disputed only the validity of certain trust instruments, the trustee's participation in the litigation in her role as trustee was not necessary to protect the property of the trust. (*Id.* at pp. 1461, 1463–1464.)

Contrary to De Young's arguments, *Whittlesey* and *Terry* do not provide a basis for reversal. De Young initially contends that, under *Whittlesey* and *Terry*, a trustee has a fiduciary duty to remain neutral in litigation among beneficiaries and, therefore, may not use trust funds to pay attorney fees incurred in such litigation. But *Whittlesey* and *Terry* do not provide direct support for this argument (which, in any event, we find unpersuasive for the reasons discussed above), because the courts in those cases did not base their holdings on a trustee's fiduciary duty to treat beneficiaries impartially. Instead, the *Whittlesey* and *Terry* courts, relying on authority addressing when a trustee may obtain reimbursement of expenses from trust property, focused on whether the litigation

---

[5] The trustee who retained the attorney to defend the contested trust amendment was the primary beneficiary under the contested amendment; after the trustee's death, the successor trustee kept the attorney on. (*Whittlesey*, 104 Cal.App.4th at p. 1228.)

at issue provided a benefit to the trust. (*Whittlesey*, 104 Cal.App.4th at pp. 1226–1227, 1230–1231; *Terry, supra,* 131 Cal.App.4th at p. 1461.)  Both courts cited section 15684, which states:  "A trustee is entitled to the repayment out of the trust property for the following:  [¶] (a) Expenditures that were properly incurred in the administration of the trust.  [¶] (b) To the extent that they benefited the trust, expenditures that were not properly incurred in the administration of the trust."  (See *Whittlesey, supra,* at p. 1226; *Terry, supra,* at p. 1461.)  Both courts also stated:  " 'The underlying principle which guides the court in allowing costs and attorneys' fees incidental to litigation out of a trust estate is that such litigation is a benefit and a service to the trust.'  [Citation.]"  (See *Whittlesey*, *supra,* at p. 1230; *Terry, supra,* at p. 1461.)  Because the trustees' participation in the litigation at issue did not benefit the trust, the trustees were not entitled to reimbursement from trust funds.  (*Whittlesey*, *supra,* at pp. 1224, 1227, 1230–1231; *Terry, supra,* at pp. 1461, 1463–1464.)

In her reply brief, De Young, while continuing to rely on *Whittlesey* and *Terry*, shifts her focus and argues that, applying the " 'underlying principle' " discussed in those cases, the trustees may not defend against De Young's contest at trust expense because such a defense would not benefit the trust.  Assuming De Young adequately raised this theory in her opening brief, we conclude *Whittlesey* and *Terry* are distinguishable.  Those decisions, which rely on the general powers of trustees established by statutory and case law, are silent as to whether the express terms of the trust instruments at issue modified those powers.

Here, the express terms of the trust instruments authorize the trustees to defend against a contest at trust expense.  Because the code permits modification of the general powers and duties of trustees (§§ 16000, 16200), these provisions control.

De Young notes the exercise of a power granted to a trustee is subject to the trustee's fiduciary duties.  Section 16202 provides:  "The grant of a power to a trustee, whether by the trust instrument, by statute, or by the court, does not in itself require or permit the exercise of the power.  The exercise of a power by a trustee is subject to the trustee's fiduciary duties."  (Accord, *Donahue v. Donahue* (2010) 182 Cal.App.4th 259,

6

273.) But the Law Revision Commission comment to section 16202 confirms a trust instrument may permit the exercise of a power "in a manner that conflicts with a general duty[.]" (Cal. Law Revision Com. com., 54A pt. 1 West's Ann. Prob. Code (2011 ed.) foll. § 16202, p. 120.) "For example, the trust instrument may give the trustee discretion to favor one beneficiary over others, in apparent conflict with the general duty to deal with beneficiaries impartially under Section 16003." (*Ibid.*) The trust instruments here grant such discretion to the trustees.[6]

### III.  DISPOSITION

The trial court's order authorizing the trustees to defend against De Young's contest at trust expense is affirmed.  The trustees shall recover their costs on appeal.

_____
Becton, J.*

We concur:

_____
Dondero, Acting P.J.

_____
Banke, J.

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

_____

**[6]** Because we find dispositive the trust provisions authorizing the expenditure of trust funds to oppose De Young's challenge, we do not consider the trustees' argument that other indications of Barnes' intent also support the trial court's order.

7