Filed 12/2/22 Sehremelis v. Sehremelis CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| ANDREA SEHREMELIS, as Trustee, etc., et al.,<br><br>    Plaintiffs and Respondents,<br><br>        v.<br><br>FROSO SEHREMELIS,<br><br>    Defendant and Appellant. | G059941 consol. w/ G060568<br><br>(Super. Ct. No. 30-2016-00869798)<br><br>O P I N I O N |

        Appeal from a judgment and postjudgment order of the Superior Court of Orange County, David l. Belz, Judge.  Affirmed.

        Bunt & Shaver and David N. Shaver, for Defendant and Appellant.

        Klapach & Klapach, Joseph Klapach, and Joseph A. Cardella, for Plaintiffs and Respondents.

                        *        *        *

Froso Sehremelis appeals from the probate court's judgment on two petitions, and its postjudgment order awarding attorney fees to respondents Andrea Sehremelis and Joseph Ressler, Co-Executors of the Estate of George A. Sehremelis. The first petition sought an order to determine title to George's personal property in Greece. The second petition sought an offset to Froso's inheritance share on a real property located in Greece. As to the first petition, Froso contends no attorney fees should be awarded or the award should be reduced because a Greek court ordered the subject personal property to be placed into judicial escrow. As explained below, we conclude the Greek court's judgment has no relevance to the petition. As to the second petition, Froso contends attorney fees should not be charged to the trust because the litigation did not benefit the trust. As discussed below, we conclude the litigation provided a benefit to the trust because it could result in an additional trust asset. Accordingly, we affirm the judgment and postjudgment order.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. *Greek Personal Property Petition*

In 2014, George established a revocable trust for the benefit of his four children: Andrea, Froso, John and Peter. George was named the trustee, and after several amendments, respondents Andrea Sehremelis and Joseph Ressler were named the successor cotrustees. A year later, George executed a "pour-over" will, which designated the trust as the beneficiary of any property remaining in his personal estate at the time of his death. The will designated Andrea and Ressler as the co-executors of George's estate.

In July 2016, George died in a hospital in Greece. After his death, the hospital staff gave his personal belongings, including a Rolex watch and 1,250 euros, to Froso's husband, who was living in Greece at the time. A few days later, Andrea sent

2

Froso a letter asking for the return of George's personal property, but Froso did not return the Rolex watch or 1,250 euros.[1]

Subsequently, the estate retained a Greek law firm to recover George's personal property from Froso. After the firm's informal attempts to recover the property were unsuccessful, on December 23, 2016, the estate filed a Petition for Order to Determine Title to Personal Property under Probate Code sections 850 and 859, in the United States.[2] Weeks later, the Greek law firm filed a Petition for Security Measures relating to the personal property in Greece. Both petitions sought attorney fees and costs.

On March 28, 2017, the Greek court granted the security measures petition. In the security measures order, the court noted it had the power to order as an injunctive measure judicial escrow where there exists, among others, a dispute about the ownership of the object or another right in rem and an emergency case or impending danger. The court ordered the Rolex watch and 1,250 euros placed in judicial escrow. It also awarded 300 euros in court costs.

On December 18, 2020, the probate court granted the section 859 petition. It found that "Froso acted *in bad faith by wrongfully taking and concealing the personal property* of the Trust of George Sehremelis following his death." The court rejected Froso's objections "as to collateral estoppel and comity based on the findings of the Greek court" because "[t]he issues in that proceeding were not the same" as the issues in the section 859 petition. The probate court awarded double damages against Froso pursuant to section 859. It also awarded reasonable attorney fees and costs pursuant to section 859, but deferred the amount of fees and costs to a later motion. Froso was not awarded any relief, except a finding that "no evidence was presented in this case that

---

[1] Although George had other personal property in Greece, the parties stipulated at trial that only the Rolex watch and 1,250 euros would be subject to the Probate section 859 claim.

[2] All further statutory references are to the Probate Code, unless stated otherwise.

[Froso] is currently in possession of any items of personal property of George Sehremelis."

Subsequently, following respondents' motion for attorney fees, the probate court awarded a total of $170,095 to be charged against Froso's share of the inheritance.

B. *Greek Real Property Petition*

George and his first wife Athena owned a house in Distomo, Greece. In December 2000, they executed a Parental Grant Deed. The deed transferred "bare ownership" in the real property to Froso, but George and Athena retained a life-estate-type "usufruct" interest. The deed further provided that: "[t]he above mentioned property grant be calculated into . . . their daughter's inheritance share." At the time of the transfer, neither George nor Athena had a will or trust. George and Athena divorced in 2002. Their divorce judgment stated that they had given "all right, title and interest in the parties' residence located in Distomo, Greece" to Froso as a gift.

On June 13, 2018, the trust filed a Petition for Instructions Regarding Adjustment to Froso Sehremelis' Inheritance Share. The petition sought an offset against Froso's share of the trust assets for the Greek real property, based on the language in the parental grant deed. It also sought attorney fees in connection with the petition.

On December 18, 2020, the probate court denied the offset requested in the petition. However, it ordered that attorney fees incurred in connection with the petition to be paid from the Trust.

II

DISCUSSION

A. *Personal Property Petition*

Section 859 provides in relevant part: "If a court finds that a person has in bad faith wrongfully taken, concealed, or disposed of property belonging to a . . . a trust, or the estate of a decedent, . . . , the person shall be liable for twice the value of the property recovered by an action under this part. In addition, . . . the person may, in the

4

court's discretion, be liable for reasonable attorney's fees and costs. The remedies provided in this section shall be in addition to any other remedies available in law to a person authorized to bring an action pursuant to this part."

Here, the probate court found Froso had wrongfully taken and concealed the Rolex watch and 1250 euros, and it awarded double damages based on the value of the personal property. The court also awarded attorney fees for legal work related to the section 859 petition.

Froso contends that pursuant to the doctrines of comity and collateral estoppel, the probate court should have denied respondents' request for attorney fees because the Greek court denied attorney fees. "The doctrine of comity prescribes that a court of this nation recognize the judgment of a court of a foreign nation when the foreign court had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or violate domestic public policy. [Citations]." (*In re Stephanie M.* (1994) 7 Cal.4th 295, 314.) Collateral estoppel or "issue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 825.) The Greek judgment, however, has no preclusive effect on the section 859 petition because that judgment did not finally adjudicate whether Froso was liable under section 859. Rather, it merely held that the subject personal property should be placed in judicial escrow. The Greek court denied attorney fees in connection with the petition requesting the injunctive relief of judicial escrow, but that ruling did not decide whether attorney fees, including the Greek firm's fees, incurred in connection with the section 859 petition also should be denied. In sum, the Greek judgment had no preclusive effect on any attorney fee award made pursuant to section 859.

Froso next contends the attorney fee award should be reduced because "the right to recover attorney fees . . . terminate[d] on March 28, 2017," when the Greek court

ordered the Rolex watch and the 1,250 euros "be turned over to a judicial escrow." She argues that as a matter of law, she cannot have "'wrongfully taken, concealed, or disposed'" of the personal property "when she no longer had possession, custody or control" of the property. Lack of physical possession or control over the personal property is not dispositive to section 859 liability. Case law interpreting the tort of conversion, which encompasses the wrongful taking or retention of another's property, is instructive. Our high court has held that conversion "is a continuing tort—as long as the person entitled to the use and possession of his property is deprived thereof. Contrary to appellant's argument, it does not necessarily end when the original wrongdoer transfers physical possession to another." (*de Vries v. Brumback* (1960) 53 Cal.2d 643, 647.) Similarly, the transfer of the personal property to judicial escrow, as opposed to the trust, does not discharge Froso's violation of section 859.

More importantly, section 859 provides that the damages are calculated based on "the value of the property recovered by an action under this part," that is, recovered by an action or petition brought pursuant to section 859. Black's Law Dictionary defines "recover" as follows:

"1. To get back or regain in full or in equivalence <the landlord recovered higher operating costs by raising rent>. [¶] 2. To obtain (relief) by judgment or other legal process <the plaintiff recovered punitive damages in the lawsuit>. [¶] 3. To obtain (a judgment) in one's favor <the plaintiff recovered a judgment against the defendant>. [¶] 4. To obtain damages or other relief; to succeed in a lawsuit or other legal proceeding <the defendant argued that the plaintiff should not be allowed to recover for his own negligence>." (Black's Law Dictionary (11th ed. 2019).)

The Greek judgment, issued on March 28, 2017, did not determine liability or damages under section 859. Respondents thus did not <u>recover</u> the subject personal property until the probate court issued its order on the section 859 petition on December 18, 2020. Stated differently, respondents did not obtain relief or a judgment on the

section 859 claim until December 18, 2020.  Accordingly, the attorney fees award under section 859 was not limited to fees incurred prior to March 18, 2017.

For the same reasons, we reject Froso's claim the probate court should have "apportion[ed]" the fees for "work performed before the Greek Court ruling on March 28, 2017 and after that."  The Greek judgment had no relevance to the section 859 petition.

Finally, Froso argues she cannot be ordered to pay attorney fees pursuant to section 859 for personal property claims on which she prevailed.  At the outset, Froso does not identify which personal property claims she prevailed on.  The house in Distomo, Greece, is real property, not personal property.   The record shows only one section 859 claim, which encompassed numerous items of personal property.  Pursuant to the parties' stipulation at trial, the probate court's order addressed only the Rolex watch and 1,250 euros.  The court ruled in favor of respondents on the section 859 claim involving those two items of personal property, including awarding double damages.  Froso was not awarded any damages.  The only "relief" she obtained was a finding that she did not currently have any of George's personal property in her possession, but that finding does not affect her liability under section 859 for any prior wrongful taking or concealment.  Thus, the record shows only one prevailing party, the respondents.  (See Code Civ. Proc., § 1032 ["'Prevailing party' includes the party with a net monetary recovery"]; see also *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332 ["Generally, a trial court's determination that a litigant is a prevailing party, along with its award of fees and costs, is reviewed for abuse of discretion."].)  Froso thus has not shown any factual basis for apportionment based on the relative litigation success of the parties in connection with the section 859 petition.  In sum, Froso has not shown the attorney fees award lacked a legal basis.

B.  *Real Property Petition*

As noted, the probate court denied the real property petition's request to offset Froso's share of the inheritance by the value of the Greek house.  However, it

granted the petition's request to charge the attorney fees incurred to the trust. Froso argues there was no legal basis for ordering the trust to pay the attorney fees because the litigation over the Greek house did not benefit the trust. We are not persuaded.

"A trustee is entitled to the repayment out of trust property for the following: [¶] (a) Expenditures that were properly incurred in the administration of the trust. [¶] (b) To the extent that they benefited the trust, expenditures that were not properly incurred in the administration of the trust." (§ 15684.) Thus, "'[t]he underlying principle which guides the court in allowing costs and attorneys' fees incidental to litigation out of a trust estate is that such litigation is a benefit and a service to the trust.'" (*Whittlesey v. Aiello* (2002) 104 Cal.App.4th 1221, 1230.) We review the probate court's order that attorney fees may be payable from the trust under the abuse of discretion standard. (*Terry v. Conlan* (2005) 131 Cal.App.4th 1445, 1461.)

It is well settled that "among the ordinary powers and duties of a trustee of a private trust are those of doing all acts necessary and expedient to *collect*, conserve and protect the property of the trust, to maintain and defend the integrity of the trust for the benefit of the beneficiaries and to employ such assistants as may be necessary for said purposes. If the trustee acts in good faith, he has the power to employ such assistants and to compensate such assistants out of the assets of the trust even though he may not ultimately succeed in establishing the position taken by him as such trustee." (*Evans v. Superior Court* (1939) 14 Cal.2d 563, 574, italics added.) Here, the trustees had a duty to collect all assets belonging to the trust. Even though the Greek house was not referenced in the trust instrument, the "pour-over" will designated the trust as the beneficiary of all of property in George's estate. This would include the Greek house, if it had not been transferred unconditionally to Froso. The trust would have sought to benefit because a determination that the value of the Greek house would offset Froso's inheritance share would increase the trust's assets. Additionally, there is no evidence respondents acted in bad faith in filing the petition. The Parental Grant Deed expressly provides that the

8

transfer of "bare ownership" of the Greek house to Froso would be calculated into Froso's inheritance share. The trust instrument did not amend the deed's provision. Although the divorce settlement stated that George had gifted all rights in the Greek house to Froso, that statement is inconsistent with the express language of the deed, which only transferred "bare ownership" rights. More importantly, Froso did not show the divorce judgment could modify the transfer deed's inheritance share provision. Nor is there any other grant deed involving the Greek house in the record. In sum, Froso has not shown the probate court erred in determining the attorney fees incurred in bringing the real property petition and having those fees paid from the trust.

## III

### DISPOSITION

The judgment and postjudgment order are affirmed. Respondents are entitled to their costs on appeal.

MARKS, J.*

WE CONCUR:

O'LEARY, P.J.

MOTOIKE, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.